UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KERRY TURNER,<br><br>Plaintiff,<br><br>v.<br><br>RENO POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-01516-CDS-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion seeking appointment of counsel. ECF No. 14. As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The Court finds Plaintiff's Motion does not demonstrate complexity of legal issues and a review of the case does not support a likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion seeking appointment of counsel (ECF No. 14) is DENIED.

DATED this 22nd day of October, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

1