UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KERRY TURNER,<br><br>Plaintiff,<br><br>v.<br><br>RENO POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 2:24-cv-01516-CDS-EJY<br><br>**ORDER<br>AND<br>REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Application to proceed i*n forma pauperis* ("IFP"), ECF No. 13, and proposed Complaint (ECF No. 2-1). Plaintiff's IFP application is complete and demonstrates an inability to pay the filing fee in this matter. On this basis Plaintiff's IFP is granted below and the Court proceeds with screening Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

**I.    Screening Standard**

Upon granting Plaintiffs' IFP application the Court must screen the Complaint under 28 U.S.C. § 1915(e)(2). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in

the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

**II.     Discussion**

Plaintiff brings this suit against the Reno Police Department ("RPD"), RPD's Regional Narcotics Unit, Washoe County, and several named officers and employees of these entities. ECF No. 2-1 at 1-2. In his Complaint, Plaintiff asserts claims for violations of the Fourth Amendment[1] and the Privacy Protection Act ("PPA"), 42 U.S.C. § 2000aa. *Id.* at 5. Plaintiff alleges certain named RPD officers sexually violated him by performing an invasive strip search on him in public. *Id.* at 3, 5. Plaintiff alleges that the search was conducted without a valid warrant, probable cause, or consent. *Id.* at 5. Plaintiff does, however, acknowledge he was arrested pursuant to a misdemeanor arrest warrant, and that Defendant Thomas Williams testified in state court that the search was performed incident to arrest upon executing the arrest warrant. *Id.* at 6. Nonetheless, Plaintiff asserts the arrest warrant was "false" and that the search was "extremely aggressive[,]" "excessive[,]" and involved pulling down Plaintiff's pants and underwear while in public. *Id.*

A.     <u>Plaintiff Does Not State a Claim under the PPA</u>.

The PPA is only applicable to work product materials or documentary materials "possessed by a person reasonably believed to have a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication, in or affecting interstate or foreign commerce." 42 U.S.C. § 2000aa(a)-(b). Plaintiff does not allege that the search performed by Defendants was directed at, or involved in any way, work product or documentary materials; nor does Plaintiff allege he had a purpose to disseminate information through any form of public communication. Further, the fact that Plaintiff alleges the search was carried out by the Regional Narcotics Unit of RPD makes it highly unlikely Plaintiff would be able to plausibly allege the search was directed at papers and documents. The Court therefore recommends dismissing Plaintiff's PPA claim.

---

[1] Though Plaintiff does not indicate on his Civil Rights Complaint form that he seeks to bring this claim under 42 U.S.C. § 1983, the Court construes it as such.

        B.     <u>The Court Recommends Dismissal of Plaintiff's Fourth Amendment Claim</u>.

The Court finds Plaintiff's Fourth Amendment claim is barred by collateral estoppel as the lawfulness of the search at issue has already been fully adjudicated against Plaintiff in state court and affirmed on appeal. *Turner v. State*, 2024 WL 4717284 (Nev. Ct. App. Nov 7, 2024). The doctrine of collateral estoppel provides that "any issue that was *actually and necessarily litigated* in one action will be estopped from being relitigated in a subsequent suit." *Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994) (emphasis in original). In the context of § 1983 claims, "issues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the State where the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 83 (1984). Under Nevada law, the following elements are necessary for collateral estoppel to apply:

> (1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; . . . (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated.

*Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).

Applying these elements to the facts of this case, and beginning with the first element, the Nevada Court of Appeals recently affirmed Plaintiff's conviction and in doing so held that the state trial court had correctly denied Plaintiff's motion to suppress evidence obtained from the search at issue. *Turner*, 2024 WL 4717284 at *5. Plaintiff argued in his appeal, as he had before the state trial court and as he again argues here, that Defendants lacked probable cause to justify the search and that the search exceeded the scope of a search incident to arrest because of its intrusive nature. *Id.* at *4. After affirming the lower court's finding that Plaintiff's arrest was lawful and supported by both probable cause and a valid arrest warrant, the Nevada Court of Appeals concluded that "Detective Hernandez's actions in retrieving the drugs from Turner's underwear were reasonable and consistent with the purposes to be served from a search incident to arrest." *Id.* More specifically, the appeals court found that the trial court's findings as to the reasonableness of the search were not clearly erroneous because:

> (1) Turner was very near to and facing a police vehicle when he was searched, and he was surrounded by three to four officers who shielded his body from view; (2) the search occurred late at night; (3) no members of the public were visible in any body camera footage; (4) when Turner's pants were down, none of his private area was visible; (5) Turner's pants were down for the limited purpose of removing several bundles of fentanyl from his upper thigh and crotch area; and (6) the search was only as long and as extensive as necessary to retrieve this evidence and to ensure the safety of Turner and the officers.

*Id.* at *5.

By filing this case, Plaintiff is attempting to use his § 1983 claim to collaterally attack these findings. That is precisely what the doctrine of collateral estoppel is designed to prevent. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995) (affirming dismissal of a § 1983 claim that "amount[ed] to nothing more than an impermissible collateral attack on prior state court decisions"). The Court finds that the issue decided in the state proceeding is identical to the issue presented here, thereby satisfying the first element articulated by *Five Star*.

The Court further finds the remaining elements of collateral estoppel are satisfied as well. Regarding the second element, the denial of Plaintiff's motion to suppress was a ruling on the merits, which has become final and has been affirmed on appeal. Regarding the third factor, the party against whom judgment was entered by the state court is now the Plaintiff in the instant action. Finally, regarding the fourth element, Plaintiff's motion to suppress was decided after a full evidentiary hearing with witnesses and ample opportunity for cross-examination, followed by reconsideration on appeal. Therefore, all the elements of collateral estoppel under Nevada law are met and Plaintiff is estopped from challenging the constitutionality of the search performed by Defendants.

### III.     Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to proceed *in forma pauperis* (ECF No. 13) is GRANTED.

### IV. Recommendation

As explained in the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 2-1) be DISMISSED with prejudice.

Dated this 12th day of March, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Under to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time, and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).