UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kerry Turner, | Case No. 2:24-cv-01516-CDS-EJY |
| Plaintiff | **Order Overruling Objection, Adopting the Report and Recommendation of the Magistrate Judge, and Closing Case** |
| v. | |
| Reno Police Department, et al., | [ECF Nos. 16, 17] |
| Defendants | |

Plaintiff Kerry Turner, proceeding pro se, brings this lawsuit alleging civil rights violations against the Reno Police Department and several of its officers and employees. Following a review of Turner's complaint under 28 U.S.C. § 1915(e)(2), United States Magistrate Judge Elayna Youchah issued a report and recommendation (R&R) that this case be dismissed with prejudice. R&R, ECF No. 16. Turner filed a timely objection. Obj., ECF No. 17. For the reasons set forth herein, I overrule the objection and adopt the R&R in its entirety.

I.     Legal Standard

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* A magistrate judge's order should only be modified or set aside if it is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v.*

*United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). In light of Turner's objection, I engage in a de novo review to determine whether to adopt Judge Youchah's R&R.

## II. Discussion

As set forth in the R&R, Turner's complaint alleges that the defendants violated his rights by conducting an unlawful search "exposing [his] private parts in public" during the execution of a misdemeanor bench warrant. ECF No. 2-1 at 6. Turner asserts that the search was conducted without probable cause, his consent, or a warrant. *Id.* Based on these allegations, Turner asserts violations of (1) human rights under sexual behavior, (2) his Fourth Amendment rights, (3) sexual misconduct, and (4) 42 U.S.C. § 2000aa. *Id.* Judge Youchah recommends that Turner's complaint be dismissed with prejudice for failure to state a viable claim for relief and based on the doctrine of collateral estoppel. R&R, ECF No. 16. Turner argues that the magistrate judge's finding that the matter was adjudicated in state court is flawed. Obj., ECF No. 17. Turner's sole objection is that Judge Youchah recommends that his claims be dismissed with prejudice.[1] *Id.*

First, the magistrate judge recommends dismissal of Turner's Privacy Protection Act ("PPA") claim. *Id.* at 2. In particular, Judge Youchah found that "the PPA is only applicable to work product materials or documentary materials 'possessed by a person reasonably believed to have a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication, in or affecting interstate or foreign commerce.'" *Id.* (citing 42 U.S.C. § 2000aa(a)–(b)). She reasons that because Turner alleges that the defendants violated him by performing an invasive strip search, it is highly unlikely Turner would be able to plausibly allege that the search was directed at papers and documents. ECF No. 16 at 2. Indeed, the PPA was enacted to afford innocent third parties—such as the press—who are not suspected of

---

[1] Based on Turner's objection, and some of the language contained in his complaint, it appears that Turner mainly takes umbrage with the fact that he was humiliated by being exposed in a public parking lot during the search. ECF No. 2-1 at 5, 6; ECF No. 17. If Turner wishes to pursue claims related to his claims of humiliation, perhaps he can contact a pro bono legal organization for guidance or assistance on potentially bringing civil claims under state law.

2

1  committing a crime, with protections not provided by the Fourth Amendment. *See, e.g., Guest v.*
2  *Leis*, 255 F.3d 325, 340 (6th Cir. 2001) (citation omitted). Those PPA protections do not apply
3  here, therefore Judge Youchah's recommendation of dismissal with prejudice is not clearly
4  erroneous or contrary to law.

5        Second, the magistrate judge finds that Turner's Fourth Amendment claim must be
6  dismissed because it is barred by collateral estoppel. ECF No. 16 at 3–4. In her analysis, Judge
7  Youchah weighed the facts and procedural background of this case under the four elements
8  necessary for collateral estoppel to apply. *Id.* She determined that all of the elements are met and
9  thus Turner is estopped from challenging the constitutionality of the search performed by
10 defendants. *Id.* at 4.

11       Collateral estoppel "precludes relitigation of issues argued and decided in prior
12 proceedings." *Diruzza v. Cnty. of Tehama*, 323 F.3d 1147, 1149 (9th Cir. 2003). Here, Turner alleges a
13 Fourth Amendment claim related to what he believes was an illegal, unreasonable, and overly
14 intrusive search. The bases for Turner's suppression motion during the trial in the underlying
15 criminal action was that the search violated his Fourth Amendment rights because it not lawful
16 and it exceeded the permissible scope of a search incident to arrest. *Turner v. State*, 558 P.3d 1212
17 (Nev. Ct. App. 2024). The issues presented here are identical to the issues decided at Turner's
18 suppression hearing; and, after testimony from the witnesses and the argument of counsel,
19 Turner's motion was denied. *Id.* The district court found, and the appeals court affirmed, that
20 Turner's arrest was lawful and reasonable. *Id.* Thus, the issues were actually litigated and fully
21 determined. Finally, because Turner was the defendant in the underlying criminal action and is
22 the party against whom collateral estoppel is now asserted, his Fourth Amendment claim for
23 unreasonable search and seizure is subject to dismissal with prejudice based on the doctrine of
24 collateral estoppel. Thus, I find Judge Youchah's recommendation to dismiss with prejudice is
25 not clearly erroneous or contrary to law.

26

In sum, after conducting a de novo review of the record, and considering Turner's objection, I adopt the report and recommendation in its entirety.

### III. Conclusion

IT IS HEREBY ORDERED that Turner's objection [ECF No. 17] is overruled, so the report and recommendation of the magistrate judge **[ECF No. 16] is adopted in full**. Accordingly, Turner's complaint is dismissed with prejudice.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

Dated: April 10, 2025

_____
Cristina D. Silva
United States District Judge